IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   **Case No. 98-40083-01**
                                           05-3225-RDR

MICHAEL PATRICK McELHINEY,

        Defendant.

## MEMORANDUM AND ORDER

    Defendant was convicted of conspiracy to distribute and possess heroin with intent to distribute and with aiding and abetting the distribution of heroin. The government alleged that these crimes were committed while defendant was an inmate at the federal penitentiary at Leavenworth, Kansas. These convictions occurred upon the third trial in this case. The first trial ended in a hung jury. The second trial resulted in conviction, but that conviction was overturned on the grounds that the court gave an improper <u>Allen</u> instruction. Defendant's convictions and sentence after the third trial were affirmed on appeal. This case is now before the court upon defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

    Defendant contends that his sentence should be vacated because he received ineffective assistance of appellate counsel. Defendant represented himself at trial. On appeal, defendant was represented by appointed counsel. The Tenth Circuit has discussed the standards governing ineffective assistance of counsel claims:

> To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. Counsel's performance is deficient if that representation falls below an objective standard of reasonableness. Prejudice is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.

U.S. v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995) (interior quotations and citations omitted).  "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  Smith v. Murray, 477 U.S. 527, 536 (1986) (interior quotation omitted).  To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions."  Strickland v. Washington, 466 U.S. 668, 689 (1984).  It is difficult to demonstrate deficient performance based on counsel's failure to raise a particular claim.  Smith v. Robbins, 528 U.S. 259, 288 (2000).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Defendant's first argument is that his appellate counsel was constitutionally ineffective when he failed to raise a voir dire issue on appeal.  Specifically, defendant argues that this court erred by excusing a potential juror for cause without permitting defendant or counsel for the government an opportunity to question.  The juror had told the court that her husband had recently been arrested but had the charges dropped, and because of that experience she would require the testimony of law enforcement officers to be "impeccable."  The court finds that it was not ineffective assistance of counsel to fail to raise this issue on appeal for two reasons.  First, it was not an abuse of the court's wide discretion in the area of jury selection for the court to conclude that the potential juror would not fairly evaluate the testimony of law enforcement officers.  See <u>Sallahdin v. Gibson</u>, 275 F.3d 1211, 1224-25 (10th Cir. 2002) (deference given to trial court's assessment of juror credibility even in ambiguous situations).  Second, to be successful with this argument on appeal, defendant would have to prove that an impartial jury was not impaneled.  See <u>Hill v. Brigano</u>, 199 F.3d 833, 844-45 (6th Cir. 1999) <u>cert. denied</u>, 529 U.S. 1134 (2000).  Defendant does not argue that he can demonstrate his jury was biased or unfair.  Therefore, his appellate counsel was not ineffective for failing to raise the argument.

Defendant's second argument is that his appellate counsel was

ineffective because he failed to assert on appeal that the court erroneously excluded from the potential pool of jurors persons who had a felony conviction, but who did not understand that their civil rights had been restored.

The Tenth Circuit has recently summarized the law in this area.

> The Sixth Amendment guarantees a defendant the right to a jury pool comprised of a fair cross-section of the community. <u>United States v. Ruiz-Castro</u>, 92 F.3d 1519, 1527 (10th Cir. 1996). A defendant does not have a right to a jury of "any particular composition" and the jury actually chosen does not have to "mirror the community." <u>Taylor v. Louisiana</u>, 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). To establish a prima facie violation of a defendant's right to a jury drawn from a fair cross-section of the community, a defendant must show: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury venires is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury selection process. <u>Duren v. Missouri</u>, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).
> . . . .
> Our sister circuits have adopted a three-part test for determining whether a group is "distinctive." Factors considered include whether: 1) the group is defined by a limiting quality (i.e. the group has a definite composition such as race or sex); 2) a common thread or basic similarity in attitude, idea, or experience runs through the group; and 3) a community of interests exists among members of the group such that the group's interest cannot be adequately represented if the group is excluded from the jury selection process.

> [citations omitted]. Groups found not to have common interests such that they are considered a "distinct group" included younger people, college students, and persons over 70. [citations omitted].
> Like college students and certain age groups, we cannot say that persons who live in rural counties and do not vote have a "common thread in attitude" or that a common experience runs through the group.

U.S. v. Green, 435 F.3d 1265, 1270-72 (10th Cir. 2006).

Defendant contends that the confusing nature of the questionnaire given to potential jurors is such that felons who have had their civil rights restored may not have understood that they may have been qualified for jury service and that these persons have a distinctive perspective that distinguishes them from other groups in society.

We reject this contention for the following reasons. First, defendant does not assert nor does the court find an adequate factual basis for bringing this argument. Defendant's standby counsel wrote after the appeal in this matter had been decided:

> Regarding felons in the jury pool, my notes show that 2,065 questionnaires were filled out by jurors in 2001 for the Topeka Jury Wheel. 37 of those answered that they had been convicted of a felony and of those 7 answered that their rights had not been restored. It's my understanding that those 7 were not included in the pool of potential jurors.

Doc. No. 612, Exhibit A. Felons were represented in the jury wheel. There does not appear to be a reasonable factual basis for arguing that felons were "systematically" excluded or even underrepresented. See U.S. v. Contreras, 108 F.3d 1255, 1268 (10th

5

Cir.) cert. denied, 522 U.S. 839 (1997) (failure to show underrepresentation of alleged group requires rejection of fair cross-section claim). These weaknesses provide good grounds for failing to raise this argument on appeal.

Second, felons, and particularly felons who are unaware that their civil rights have been restored, are not a "distinctive group" in the community. The exclusion of felons and accused felons from jury service has been upheld as constitutional. See U.S. v. Barry, 71 F.3d 1269, 1273-74 (7th Cir. 1995) (accused felons); U.S. v. Arce, 997 F.2d 1123, 1127 (5th Cir. 1993) (felons); U.S. v. Greene, 995 F.2d 793, 796 (8th Cir. 1993) (accused felons); U.S. v. Foxworth, 599 F.2d 1, 4 (1st Cir. 1979) (convicted and accused felons); U.S. v. Test, 550 F.2d 577, 594 (10th Cir. 1976) (en banc) (accused felons); U.S. v. Best, 214 F.Supp.2d 897, 905 (N.D.Ind. 2002) (felons). Certainly, a group of felons who have unknowingly had their civil rights restored have interests and experiences that can be represented by felons who know of the restoration of their civil rights. Therefore, we do not believe they can be considered a "distinctive" group.

For these reasons, we do not believe defendant's appellate counsel was ineffective for failing to raise the fair cross-section argument on appeal.

The third argument raised by defendant is that his appellate counsel was ineffective because he failed to argue on appeal that

the government destroyed or failed to preserve evidence in the form of "kites" or messages which defendant or a fellow inmate had delivered to another inmate (Allan Hawley) working as a government informant. Some "kites" were collected by the government and used as evidence against defendant; others were never collected or somehow lost.

We reject this argument. As we noted when we considered this contention prior to trial, defendant has not demonstrated that the "kites" would have been exculpatory or useful to the defense. Defendant also has not demonstrated that the government in bad faith destroyed the potential evidence or failed to preserve it. The requirements for making a claim under California v. Trombetta, 467 U.S. 479 (1984) or Arizona v. Youngblood, 488 U.S. 51 (1988) simply were not met by defendant. Therefore, his appellate counsel was not ineffective for failing to raise the issue on appeal.

Defendant's fourth argument for relief is that his appellate counsel was ineffective because he failed to assert on appeal that the government had illegally entrapped defendant. The jury which convicted defendant was instructed on the defense of entrapment. Obviously, the jury did not find entrapment. This court rejected defendant's new trial motion which argued that the evidence to convict was insufficient. On appeal, defendant's attorney again argued that the evidence was insufficient and that this court erred in denying defendant's new trial motion. The Tenth Circuit

reviewed the sufficiency of the evidence using a <u>de novo</u> standard. Defendant's conviction was affirmed. Clearly, the Tenth Circuit did not find evidence sufficient to support the entrapment defense when it rejected defendant's insufficiency of the evidence claim on appeal. Therefore, we reject defendant's fourth argument for relief.

Defendant's fifth argument asserts that his appellate counsel was ineffective because he failed to claim on appeal that the government intentionally housed inmate informants in a "CCA" facility with the purposes of: allowing them to collaborate; directing their testimony; and falsifying evidence. In support of this claim, defendant has stated:

> That since the onset of my current prosecution for capital RICO charges (indictment unsealed on October 17, 2002) I have managed to obtain evidence in support of my accusations in Claims 5 & 6; that elements in the BOP Special Intelligence Agency and the FBI/ATF/DEA have conspired to provide inmate-witnesses with information to obtain an illegal conviction against me in the Topeka trials, as well as the current trial.
>
> That there are witnesses whom can verify, through personal knowledge and experience, that inmate-witnesses for the government have perjured themselves in testifying against me, and certain of my co-defendants.
>
> That my Topeka trials are also part of this capital prosecution here in the Central District of California.
> . . .
>
> That witnesses in support of my accusations are afraid of retaliation from the BOP, et al., government agencies.
>
> That premature disclosure of this evidence could very well result in eviscerating my defense to the current capital charges I am now fighting.

> That . . . I would request this Court for permission to file, ex parte and under seal, an outline of the evidence and what will be attested to which supports the accusations against the BOP and FBI/ATF/DEA wherein they have conspired to house specific inmate-witnesses together and fed said witnesses secret official reports of past and present investigations, along with privileged information for the purpose of said inmate-witness's familiarizing themselves with everything law enforcement has compiled on me so as to give the appearance of expert, first-hand knowledge when testifying before the jury.
>
> That it is upon this basis that Allan Wayne Hawley's testimony in the three previous trials at Topeka, Kansas, was corrupted by law enforcement officials; and that taint began while housing these inmate-witnesses at CCA.

It should be noted that only one inmate witness (Mr. Hawley) testified for the government during the third trial which led to the conviction and sentence at issue. Several inmate witnesses testified for the government in the first two trials.

We reject defendant's fifth argument for several reasons. First, defendant's appellate counsel cannot be considered deficient for failing to raise an argument on appeal for which there is no support in the trial record. Courts of appeals do not normally consider arguments raised for the first time on appeal. U.S. v. Mora, 293 F.3d 1213, 1218 (10th Cir.) cert. denied, 537 U.S. 961 (2002). Second, defendant's argument is more like an argument presented as part of a new trial motion. It is not properly presented as a § 2255 motion. See Guinan v. U.S., 6 F.3d 468, 470 (7th Cir. 1993) (refusal to grant new trial on the basis of newly discovered evidence is not actionable in habeas corpus); Ruiz v.

U.S., 221 F.Supp.2d 66, 72 (D.Mass. 2002).  Third, even considered as a request for new trial, the argument falls short.

> A five-part test must be applied in determining whether this "newly discovered evidence" warrants a new trial. Defendant must show (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by her own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

U.S. v. Quintanilla, 193 F.3d 1139, 1147 (10th Cir. 1999) cert. denied, 529 U.S. 1029 (2000).  The evidence described by defendant of meetings between inmate witnesses or meetings with government officials is not material to the principal issues involved in the trial and could only be considered impeaching.  It is not evidence which would probably produce an acquittal in a case where defendant's own words were instrumental to the government's case for conviction.

Defendant's general allegation of perjury does not justify relief from the conviction.  Use of perjured testimony can be grounds to vacate a conviction if it can be shown that:  the testimony was false; the testimony was material; and that it was knowingly and intentionally used by the government to obtain a conviction.  McBride v. United States, 446 F.2d 229, 232 (10th Cir. 1971) cert. denied, 405 U.S. 977 (1972).  "Conclusionary allegations to this effect are not sufficient." Id.  Defendant has not made allegations adequate to justify an evidentiary hearing on

10

this question. He has not identified false and material testimony or alleged that it was knowingly and intentionally used by the government to obtain a conviction. Therefore, we reject defendant's fifth argument in his § 2255 motion.

Defendant's sixth argument in support of his motion asserts that his appellate counsel was ineffective for failing to argue on appeal that this court committed error by disallowing a subpoena for a witness named Billy Joe Buckley. During the hearing where a subpoena for Buckley was discussed, defendant stated that Buckley would testify about the case agent interviewing inmate witnesses for the government and smuggling them tobacco. He asserted that the testimony would be relevant to the bias or credibility of the witnesses. An affidavit signed by Buckley and dated before the third trial of this case indicates that he would testify that he was housed with two inmates who testified in the first two trials of this case, but not the third trial, and that the FBI case agent encouraged them to testify falsely that they were involved with defendant in a conspiracy to import and distribute heroin inside Leavenworth penitentiary.

The court does not believe what Mr. Buckley would have to say about persons who did not testify during the trial which led to defendant's conviction is relevant or material to the proceedings. Defendant was able to cross-examine the case agent in this case and the inmate witness who testified during the third trial. Defendant

11

developed lines of questioning which went to the bias or prejudice of those witnesses.  The jury evaluated the evidence and determined beyond a reasonable doubt that defendant was guilty.  We do not believe defendant's appellate counsel was ineffective for failing to raise an issue which did not demonstrate error by the court or prejudice to defendant.

Finally, defendant contends that the holdings of Booker and Blakely should apply to his case.  The Tenth Circuit has held that these cases do not apply retroactively to convictions challenged in § 2255 motions.  U.S. v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005).

For the above-stated reasons, defendant's motion to vacate pursuant to 28 U.S.C. § 2255 shall be denied.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2006 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge