IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 98-40083-01-DDC |
| MICHAEL PATRICK MCELHINEY (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Michael Patrick McElhiney's Motion to

Vacate his sentence under 28 U.S.C. § 2255.  Doc. 638.  Defendant currently is serving a 360

months' prison sentence after a jury found him guilty of the following offenses:  (1) conspiracy

to possess with intent to distribute heroin in violation of 21 U.S.C. § 846; and (2) aiding and

abetting heroin distribution in violation of 21 U.S.C. § 841(a)(1).  *See* Doc. 552 at 1–2.  On June

28, 2016, the Tenth Circuit granted Mr. McElhiney leave to file a second or successive motion to

vacate his sentence, based on his argument that he no longer qualifies as a career offender under

United States Sentencing Guideline § 4B1.2.  *In re Michael McElhiney*, No. 16-3179 (10th Cir.

June 28, 2017).  Invoking the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct.

2551 (2015), which held that the residual clause contained in the Armed Career Criminal Act is

unconstitutionally vague, Mr. McElhiney's successive § 2255 motion argues that his sentence

was improperly enhanced as a career offender under the identically-worded residual clause of

§ 4B.1.2(a).

In response to the parties' joint request, the court stayed the case pending the Tenth

Circuit's decisions in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018), and *United States*

*v. Mulay*, __ F. App'x __, 2018 WL 985741 (10th Cir. Feb. 20, 2018).  It did so because these cases presented the question whether the Supreme Court's decision in *Johnson* extends to individuals—like Mr. McElhiney—who were sentenced under identical language in the Guidelines and during a time when the Guidelines were mandatory.

The Tenth Circuit recently decided both cases, holding that *Johnson* does not apply to mandatory Guidelines cases on collateral review.  *See Greer*, 881 F.3d at 1248 (affirming denial of petitioner's § 2255 motion because "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA" but "[t]he Court did not consider in *Johnson*, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail," and so, "it is not for this court acting on collateral review to do so"); *see also Mulay*, 2018 WL 985741, at *4 (denying petitioner's § 2255 motion because "*Johnson* did not recognize the right Mr. Mulay asserts," *i.e.*, "that the residual clause in § 4B1.2(a)(2) of the mandatory Guidelines was void for vagueness, and that the right not to be sentenced under the mandatory residual clause is retroactively applicable to his 2002 sentence on collateral review").

Mr. McElhiney's most recent status report (Doc. 671) concedes that the Tenth Circuit's decisions in *Greer* and *Mulay* require the court to deny his § 2255 motion.  Mr. McElhiney notes that he disagrees with the Tenth Circuit's decisions but agrees that they bind the court.  However, Mr. McElhiney asks the court to grant him a certificate of appealability.

Because Mr. McElhiney's § 2255 motion asserts that he is entitled to relief using the same argument that the Tenth Circuit rejected in *Greer* and *Mulay*, the court denies his Motion to

Vacate his sentence under 28 U.S.C. § 2255. But the court grants Mr. McElhiney a certificate of appealability because reasonable jurists could debate whether the court's ruling is correct.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that reasonable jurists could debate whether the court is correct in its ruling. Indeed, the Circuits have split on the question whether *Johnson* applies to individuals sentenced under the mandatory Guidelines. *Compare Moore v. United States*, 871 F.3d 72, 82–83 (1st Cir. 2017) (granting petitioner's request to file successive § 2255 motion asserting that *Johnson* applies to mandatory Guideline sentences) *with United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (holding that petitioner's challenge to the mandatory Guidelines was untimely and did not assert a right recognized by *Johnson*); *Raybon v. United States*, 867 F.3d 625, 630–31 (6th Cir. 2017) (affirming denial of § 2255 motion because the constitutionality of the mandatory Guidelines is "an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review'" (quoting § 2255(f)(3)); *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (concluding that petitioner could not assert a successive § 2255 petition

because the right he was asserting was not recognized in *Johnson*). And, although with *Greer*

and *Mulay* "this issue has been settled in this circuit and not overturned by the Supreme Court,

the existence of a split among the circuits persuades [the court] that 'reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner.'" *United States v. Gomez-Sotelo*, 18 F. App'x 690, 692 (10th Cir. 2001)

(quoting *Slack*, 529 U.S. at 484). The court thus grants Mr. McElhiney a COA.

       **IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michael Patrick

McElhiney's Motion to Vacate Under § 2255 (Doc. 638) is DISMISSED. The court grants Mr.

McElhiney a COA.

       **IT IS SO ORDERED.**

       **Dated this 4th day of May, 2018, at Topeka, Kansas.**

                    **s/ Daniel D. Crabtree**
                    **Daniel D. Crabtree**
                    **United States District Judge**